UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARCUS QUIN BUTLER, #02353422 § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO.  3:24-CV-0497-B-BK |
| § | |
| DIRECTOR, TDCJ-CID, § | |
| § | |
| Respondent. § | |

MEMORANDUM OPINION AND ORDER

Before the court is Petitioner Marcus Quin Butler's pro se petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. 2.  Upon review, the petition is summarily DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.[1]

In 2017, Petitioner pled guilty to failure to register as a sex offender and sexual assault and was sentenced to four years imprisonment.  Doc. 2 at 1; *State v. Butler*, Nos. F15-76598-S and F16-00115-S (282nd Jud. Dist. Court, Dallas Cnty., Jan 23, 2017).  In 2021, the Texas Court of Criminal dismissed his state habeas applications because both convictions had been discharged.  *Ex parte Butler*, WR-83,941-04, -05 (Tex. Crim. App. Feb. 24, 2021).  And in 2022, this court dismissed his amended federal habeas petition because he was not "in custody" under the state criminal judgments in Case Nos. F15-76598-S and F16-00115-S.  *Butler v. Director*, No. 3:22-CV-1062-B-BN (N.D. Tex. Aug. 24, 2022), *R. & R. adopted*, No. 3:22-CV-1062-B-BN (N.D. Tex. Sep. 9, 2022), *certificate of appealability denied*, No. 22-10912 (5th Cir. Feb. 9, 2023).

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

On March 1, 2024, Petitioner filed the instant federal habeas petition, renewing his attack on his 2017 convictions for failure to register as a sex offender and sexual assault. Doc. 2 at 1-2. He now challenges the sufficiency of the evidence, prosecutorial misconduct, and the court charge. Doc. 2 at 6-7. Petitioner also asserts that he satisfies the "in custody" requirement because the convictions "adversely influence[] his classification in prison, his opportunity to earn 'good time,' his chance of receiving parole, and the nature of the prison unit in which he is house." Doc. 2 at 7. He adds that he "is required to register as a sex offender for life" and so "he is suffering a collateral consequence as a result of his conviction[s]." *Id.*

Petitioner, however, is no longer in custody on his 2017 convictions. State records confirm that he discharged those convictions on December 1, 2019, and that he is now in TDCJ's custody based on a 2021 criminal conviction for violating a civil commitment requirement for which he was sentenced to eight years imprisonment. *State v. Butler*, No. DCR-6063-20 (154th Jud. Dist. Ct., Lamb Cnty., June 23, 2021).[2] Petitioner has also been involuntarily civilly committed as a sexually violent predator upon his release from prison. *See generally In re Commitment of Butler*, No. 05-19-01007-CV, 2021 WL 2525508 (Tex. App. – Dallas June 21, 2021, no pet.), *aff'g* No. CV-1870003-S (282d Jud. Dist. Ct., Dall. Cnty.).

The court thus lacks jurisdiction to consider Petitioner's § 2254 petition challenging his 2017 convictions in Nos. F15-76598-S and F16-00115-S. Federal habeas corpus relief is available only for persons who are "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). A habeas petitioner is not "in custody" when the sentence imposed for the

---

[2]The court takes judicial notice of Petitioner's Inmate Information Details available at this link https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=05759411 (last accessed on Mar. 8, 2024), and TDCJ's *Commitment Inquiry* enclosed with the appendix to the State's response filed on October 22, 2022, in *Butler v. Lumpkin*, No. 1:22-cv-0098-C (N.D. Tex., Abilene Div.), Doc. 16 at 2 and Doc. 17 at 3-4.

challenged conviction has fully expired at the time the petition is filed as in this case. *Maleng v. Cook,* 490 U.S. 488, 490-91 (1989).

Therefore, Petitioner's habeas corpus petition is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.[3]

SO ORDERED on March 8, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[3]Because jurisdiction is lacking, it is more efficient to dismiss the case than to require compliance with the filing fee requirements.